UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

ANITA LOUISE WHITE,

       Plaintiff,

v.                     6:13-CV-0084
                      (GTS)
CAROLYN W. COLVIN, Acting Comm'r of Soc. Sec.,

       Defendant.
_____

APPEARANCES:               OF COUNSEL:

OLINSKY LAW GROUP           HOWARD D. OLINSKY, ESQ.
 Counsel for Plaintiff
300 S. State Street
Suite 420
Syracuse, NY 13202

U.S. SOCIAL SECURITY ADMIN.        BENIL ABRAHAM, ESQ.
OFFICE OF REG'L GEN. COUNSEL -REGION II
 Counsel for Defendant
26 Federal Plaza – Room 3904
New York, NY 10278

GLENN T. SUDDABY, United States District Judge

## **DECISION and ORDER**

  Currently before the Court, in this Social Security action filed by Anita L. White ("Plaintiff") against the Commissioner of Social Security ("Defendant" or "the Commissioner") pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) are the parties' cross-motions for judgment on the pleadings. (Dkt. Nos. 11, 12.) For the reasons set forth below, Plaintiff's motion is granted and Defendant's motion is denied.

## I. RELEVANT BACKGROUND

### A. Factual Background

Plaintiff was born on October 23, 1962. She has completed education through the eleventh grade, and has received special education services. Plaintiff most recently worked as a cashier. Generally, Plaintiff's alleged disability consists of left shoulder pain, neck pain, obesity, acid reflux disorder, a hip injury and a learning disorder. Her alleged disability onset date is September 12, 2009, and her date last insured is December 30, 2014.

### B. Procedural History

On March 31, 2010, Plaintiff applied for Social Security Disability Insurance and Supplemental Security Income ("SSI"). Plaintiff's application was initially denied, after which she timely requested a hearing before an Administrative Law Judge ("the ALJ"). On April 25, 2011, Plaintiff appeared before the ALJ, Thomas Tielens. (T. 26-42.) On June 6, 2011, the ALJ issued a written decision finding Plaintiff not disabled under the Social Security Act. (T. 11-25.) On December 27, 2012, the Appeals Council denied Plaintiff's request for review, rendering the ALJ's decision the final decision of the Commissioner. (T. 1-5.) Thereafter, Plaintiff timely sought judicial review in this Court.

### C. The ALJ's Decision

Generally, in his decision, the ALJ made the following six findings of fact and conclusions of law. (T. 16-20.) First, the ALJ found that Plaintiff had not engaged in substantial gainful activity since her alleged onset date. (T. 16.) Second, the ALJ found that Plaintiff's left shoulder and neck pain are severe impairments, but that Plaintiff's obesity, acid reflux disorder, hip injury and learning disorder are not severe. (T. 16-18.) Third, the ALJ found that Plaintiff does not have a severe impairment that meets or medically equals one of the listed impairments

located in 20 C.F.R. Part 404, Subpart P, Appendix. 1. (T. 18.) The ALJ considered Listings 1.02 and 1.04. (*Id.*) Fourth, the ALJ found that Plaintiff retains the ability to perform light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b) with occasional overhead reaching. (T. 18-19.) Fifth, the ALJ found that Plaintiff is unable to perform her past relevant work. (T. 19-20.) Sixth, and finally, the ALJ found that there are jobs that exist in significant numbers in the national economy that Plaintiff can perform. (T. 20.)

## II. THE PARTIES' BRIEFINGS ON PLAINTIFF'S MOTION

### A. Plaintiff's Arguments

Plaintiff makes four separate arguments in support of her motion for judgment on the pleadings. First, Plaintiff argues that the ALJ erred by failing to re-contact her treating physicians for a complete functional assessment. (Dkt. No. 11 at 13-17 [Pl.'s Mem. of Law].) Second, Plaintiff argues that the ALJ's RFC determination is unsupported by substantial evidence because (1) the ALJ failed to reconcile his RFC determination with the opinion of consultative examiner, Steven Hausmann, M.D. and (2) the Appeals Council erred in its analysis of new and material evidence. (*Id.* at 17-21.) Third, Plaintiff argues that the ALJ's credibility determination is unsupported by substantial evidence because the ALJ erred in analyzing the required factors when assessing Plaintiff's credibility. (*Id.* at 21-23.) Fourth, and finally, Plaintiff argues that the ALJ erred in mechanically applying the Medical-Vocational Guidelines, despite the existence of significant non-exertional impairments. (*Id.* at 24-25.)

### B. Defendant's Arguments

In response, Defendant makes four arguments. First, Defendant argues that the ALJ was not required to re-contact Plaintiff's treating physicians. (Dkt. No. 12 at 5-7 [Def.'s Mem. of Law].) Second, Defendant argues that the ALJ's RFC determination is supported by substantial

3

evidence. (*Id.* at 7-10.) Third, Defendant argues that the ALJ properly evaluated Plaintiff's credibility. (*Id.* at 10-12.) Fourth, and finally, Defendant argues that the ALJ's determination at step five of the sequential analysis is supported by substantial evidence. (*Id.* at 12-13.)

## III. RELEVANT LEGAL STANDARD

### A. Standard of Review

A court reviewing a denial of disability benefits may not determine de novo whether an individual is disabled. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990). Rather, the Commissioner's determination will only be reversed if the correct legal standards were not applied, or it was not supported by substantial evidence. *See Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987) ("Where there is a reasonable basis for doubt whether the ALJ applied correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be deprived of the right to have her disability determination made according to the correct legal principles."); *Grey v. Heckler*, 721 F.2d 41, 46 (2d Cir. 1983); *Marcus v. Califano*, 615 F.2d 23, 27 (2d Cir. 1979).

"Substantial evidence" is evidence that amounts to "more than a mere scintilla," and has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427 (1971). Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. *See Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

"To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining evidence from both sides,

4

because an analysis of the substantiality of the evidence must also include that which detracts from its weight." *Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988).

If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." *Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992). In other words, this Court must afford the Commissioner's determination considerable deference, and may not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a de novo review." *Valente v. Sec'y of Health & Human Servs.*, 733 F.2d 1037, 1041 (2d Cir. 1984).

### B. Standard to Determine Disability

The Commissioner has established a five-step evaluation process to determine whether an individual is disabled as defined by the Social Security Act. *See* 20 C.F.R. §§ 404.1520, 416.920. The Supreme Court has recognized the validity of this sequential evaluation process. *See Bowen v. Yuckert*, 482 U.S. 137, 140-42, 107 S. Ct. 2287 (1987). The five-step process is as follows:

> First, the [Commissioner] considers whether the claimant is currently engaged in substantial gainful activity. If he is not, the [Commissioner] next considers whether the claimant has a "severe impairment" which significantly limits his physical or mental ability to do basic work activities. If the claimant suffers such an impairment, the third inquiry is whether, based solely on medical evidence, the claimant has an impairment which is listed in Appendix 1 of the regulations. If the claimant has such an impairment, the [Commissioner] will consider him disabled without considering vocational factors such as age, education, and work experience; the [Commissioner] presumes that a claimant who is afflicted with a "listed" impairment is unable to perform substantial gainful activity. Assuming the claimant does not have a listed impairment, the fourth inquiry is whether, despite the claimant's severe

5

impairment, he has the residual functional capacity to perform his past work. Finally, if the claimant is unable to perform his past work, the [Commissioner] then determines whether there is other work which the claimant could perform. Under the cases previously discussed, the claimant bears the burden of the proof as to the first four steps, while the [Commissioner] must prove the final one.

*Berry v. Schweiker*, 675 F.2d 464, 467 (2d Cir. 1982).

## IV. ANALYSIS

### A. Whether the ALJ Erred in Weighing the Opinions of Doctors Rodziewicz and Meeks

After carefully considering the matter, the Court answers this question in the affirmative, in part for the reasons stated in Plaintiff's memorandum of law. (Dkt. No. 11 at 13-17 [Pl.'s Mem. of Law].) The Court would only add the following brief analysis.

Plaintiff argues that the ALJ failed to follow the treating physician rule with regard to the weight assigned to the opinions of Plaintiff's treating neurosurgeon, Gerard S. Rodziewicz, M.D. and Plaintiff's treating orthopaedic surgeon, Raymond Meeks, M.D., and that the ALJ should have re-contacted Drs. Rodziewicz and Meeks to obtain clarification of their opinions. Defendant counters that the ALJ was not required to re-contact Dr. Rodziewicz or Dr. Meeks because the record was well-developed, including the treatments records of Drs. Rodziewicz and Meeks as well as treatment records from Drs. Hausmann, Mannino and Alvarez.

Under the "treating physician's rule," controlling weight is given to a plaintiff's treating physician's opinion when (1) the opinion is well supported by medically acceptable clinical and laboratory diagnostic techniques, and (2) the opinion is consistent with other substantial evidence in the record, such as opinions of other medical experts. 20 C.F.R. § 404.1527(d)(2); *Halloran v. Barnhart*, 362 F.3d 28, 31-32 (2d Cir.2004); *Brogan-Dawley v. Astrue*, 484 F. App'x 632, 633-34 (2d Cir. 2012). When controlling weight is not given, the ALJ should consider the

following factors to determine the proper weight assigned to a treating physician's opinion: (1) frequency of the examination and the length, nature and extent of the treatment relationship; (2) the evidence in support of the opinion; (3) the opinion's consistency with the record as a whole; and (4) whether the opinion is from a specialist. *See* 20 C.F.R. § 404.1527(c); *Shaw v. Chater*, 221 F.3d 126, 134 (2d Cir.2000). Regulations require an ALJ to set forth his or her reasons for the weight assigned to a treating physician's opinion. *See Shaw*, 221 F.3d at 134.

Further, the ALJ has an affirmative duty to develop the record. *See Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) ("[I]t is the well-established rule in our circuit that the social security ALJ... must on behalf of all claimants ... affirmatively develop the record...." (quoting *Lamay v. Comm'r of Soc. Sec.*, 562 F.3d 503, 508–09 (2d Cir.2009)) (internal quotation mark omitted)). By statute, an ALJ is duty bound to develop a claimant's complete medical history for at least twelve months prior to the filing of an application for benefits, "but also to gather such information for a longer period if there [is] reason to believe that the information [is] necessary to reach a decision." *DeChirico v. Callahan*, 134 F.3d 1177, 1184 (2d Cir.1998) (citing 42 U.S.C. § 423(d)(5)(B) *as incorporated by* 42 U.S.C. § 1382c(a)(3)(G) and 20 C.F.R. § 416.912(d)). This duty exists "[e]ven when a claimant is represented by counsel," due to the "non-adversarial nature of a benefits proceeding." *Id.* (quoting *Lamay*, 562 F.3d at 509). Re-contacting medical providers is necessary when the ALJ cannot make a disability determination based on the evidence of record. *See* 20 C.F.R. § 404.1512(e). Additional evidence or clarification is sought when there is a conflict or ambiguity that must be resolved, when the medical reports lack necessary information, or when the reports are not based on medically acceptable clinical and laboratory diagnostic techniques. *See* 20 C.F.R. § 404.1512(e)(1); *Rosa v. Callahan*, 168 F.3d 72, 80 (2d Cir.1999); *Schaal v. Apfel*, 134 F.3d 496, 505 (2d Cir.1998).

7

Moreover, an ALJ has an independent duty to make reasonable efforts to obtain a report prepared by a claimant's treating physician, including an assessment of the claimant's functional capacity, in order to afford the claimant a full and fair hearing. *See Smith v. Astrue*, 896 F. Supp. 2d. 163, 176 (N.D.N.Y. 2012) (citing 20 C.F.R. § 404.1512(e); *Devora v. Barnhart*, 205 F. Supp. 2d 164, 174 (S.D.N.Y. 2002) (collecting cases); *Hardhardt v. Astrue*, No. 05–CV–2229, 2008 WL 2244995, at *9 (E.D.N.Y. May 29, 2008)). However, the ALJ has no duty to re-contact a source where the evidence submitted by that source is complete. Where the source's opinion includes all of the factors set forth in 20 C.F.R. § 416.913[1] and there is no indication that further contact will result in additional information, re-contact is not necessary. *See Hluska v. Astrue*, No. 06-CV-0485, 2009 WL 799967, at *17 (N.D.N.Y. Mar. 25, 2009).

Here, the ALJ assigned "little weight" to the opinion of Dr. Meeks that Plaintiff was temporarily totally disabled on October 4, 2010, November 17, 2010, January 26, 2011 and the opinion of Dr. Rodziewicz that Plaintiff was temporarily totally disabled on November 20, 2009, but only partially (50%) temporarily disabled on February 1, 2010 and March 19, 2010 "because the standards for evaluating disability through the workers' compensation system differ from those used by [the Commissioner]." (T. 19., 252-256, 314-321.) To be sure, the "ultimate finding of whether a claimant is disabled and cannot work" is "'reserved to the Commissioner.'" *Snell v. Apfel*, 177 F.3d 128, 133 (2d Cir. 1999) (quoting 20 C.F.R. § 404.1527(e)(1)). Nonetheless, the treatment notes of Drs. Meeks and Rodziewicz were not complete as they do not contain a statement about what Plaintiff can still do despite her impairments based on her

---

[1] Pursuant to 20 C.F.R. § 416.913(b), medical reports should include a patient's (1) medical history, (2) clinical findings, (3) laboratory findings, (4) diagnosis, (5) treatment prescribed with response and prognosis, and a (6) statement about what the patient can still do despite his or her impairments based on the findings set forth in factors (1) through (5).

medical history, clinical findings, laboratory findings, diagnosis and treatment.

Further, Defendant's argument that the record was well-developed, including the additional treatment records of Drs. Hausmann, Mannino and Alvarez is dubious. While the ALJ gives "great weight" to the opinion of Dr. Hausmann "because it is consistent with the medical evidence of record" he fails to identify the record evidence to which he refers. (T. 19.) Also, Dr. Mannino opines that Plaintiff was partially (25%) temporarily disabled on March 1, 2010, ostensibly using the same disability standard as Dr. Rodziewicz used, but reaching an inconsistent conclusion. (T. 244-247.) Finally, while Defendant generally cites the treatment notes of Dr. Alvarez, those records are notably absent from the ALJ's RFC analysis, and Defendant fails to cite which of Dr. Alvarez's opinions support the ALJ's RFC determination. "Subsequent arguments by the Commissioner detailing the substantial evidence supporting the ALJ's decision are not a proper substitute for the ALJ engaging in the same evaluation." *Hamedallah ex rel. E.B. v. Astrue*, 876 F. Supp. 2d 133, 144 (N.D.N.Y. 2012) (citing *Peralta v. Barnhart*, No. 04-CV-4557, 2005 WL 1527669, at *10 (E.D.N.Y. June 22, 2005)).

Accordingly, given that the records of Plaintiff's treating physicians are incomplete, vague and inconsistent, it was error for the ALJ to fail to re-contact those physicians for a functional assessment. Therefore, remand is necessary so that the ALJ may first properly develop the record and then properly explain the weight assigned to the opinions of Plaintiff's treating physicians.

### B.     Whether the ALJ's RFC Determination is Supported by Substantial Evidence

After carefully considering the matter, the Court answers this question in negative in part the reasons stated in Plaintiff's memorandum of law. (Dkt. No. 11 at 17-21 [Pl.'s Mem. of

Law].) The Court would only add the following brief analysis.

RFC is defined as

> what an individual can still do despite his or her limitations ... Ordinarily, RFC is the individual's maximum remaining ability to do sustained work activities in an ordinary work setting on a regular and continuing basis, and the RFC assessment must include a discussion of the individual's abilities on that basis. A regular and continuing basis means 8 hours a day, for 5 days a week, or an equivalent work schedule.

*Melville v. Apfel*, 198 F.3d 45, 52 (2d Cir.1999) (quoting SSR 96-8p, 1996 WL 374184, at *2). "In assessing a claimant's RFC, the ALJ must consider all of the relevant medical and other evidence in the case record to assess the claimant's ability to meet the physical, mental, sensory and other requirements of work." *Domm v. Colvin*, No. 12-CV-6640, 2013 WL 4647643, at *8 (W.D.N.Y. Aug. 29, 2013) (citing 20 C.F.R. § 404.1545(a)(3)-(4)). The ALJ must consider all of the relevant evidence, including medical opinions and facts, physical and mental abilities, non-severe impairments, and the plaintiff's subjective evidence of symptoms. *See* 20 C.F.R. §§ 404.1545(b)-(e). The ALJ must consider RFC assessments made by acceptable medical sources and may consider opinions from other non-medical sources to show how a claimant's impairments may affect her ability to work. *See* 20 C.F.R. § 404.1513(c)(d). Finally, an ALJ's RFC determination "must be set forth with sufficient specificity to enable [the Court] to decide whether the determination is supported by substantial evidence." *Ferraris v. Heckler*, 728 F.2d 582, 587 (2d Cir.1984).

Here, the ALJ concluded that Plaintiff retains the ability to perform light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b), with occasional overhead reaching. (T. 18.) According to the cited regulations,

> [l]ight work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.

20 C.F.R. §§ 404.1567(b), 416.967(b). Further, the Commissioner interprets "occasionally" to mean "occurring from very little up to one-third of the time." *Reda v. Astrue*, No. 08-CV-6589, 2010 WL 2104521, at *2 (W.D.N.Y. May 24, 2010) (citing Social Security Ruling 83-10).

Plaintiff argues that the Commissioner's RFC determination was erroneous because the ALJ failed to reconcile it with the opinion of Dr. Hausmann and because the Appeals Council erred in its analysis of new and material evidence.

To be sure, "new evidence submitted to the Appeals Council following the ALJ's decision becomes part of the administrative record for judicial review when the Appeals Council denies review of the ALJ's decision." *Perez v. Chater*, 77 F.3d 41, 45 (2d Cir. 1996). However, "the new evidence submitted to the Appeals Council forms part of the administrative record under review . . . only to the extent that it relates to the time frame encompassed in the ALJ's decision." *Baladi v. Barnhart*, 33 F. App'x 562, 564 (2d Cir. 2002) (citing *Perez*, 77 F.3d at 45). Here, Plaintiff submitted to the Appeals Council reports from Diego X. Alvarez, M.D. for the period September 16, 2009 through November 17, 2010. (T. 322-339.) All of these records relate to a period relevant to the decision rendered by the ALJ in this case. "When[, as here,] the Appeals Council denies review after considering new evidence, [the Court] simply review[s] the entire administrative record, which includes the new evidence, and determine[s], as in every

case, whether there is substantial evidence to support the decision of the [Commissioner]." *Perez*, 77 F.3d at 46. Accordingly, the newly submitted reports from Dr. Alvarez are part of the administrative record under review.

Defendant argues that the records are irrelevant because Dr. Alvarez's opinions are given in the context of a worker's compensation claim, which is a different standard of disability than the standard used by the Commissioner. Nonetheless, Dr. Alvarez's opinion, rendered on March 25, 2010 and May 12, 2010, that Plaintiff should not lift in excess of five pounds contradicts Dr. Hausmann's opinion, given just a few months prior, that Plaintiff should not lift in excess of 25 pounds. (Compare T. 327, 329 to T. 238-240.) A medical opinion regarding a patient's functional ability to lift a standard unit of weight measurement would not vary based on the applicable standard for determining disability. Accordingly, it was error for the Appeals Council to fail to remand this action for further consideration based on the new and contradictory evidence from Dr. Alvarez.

Finally, the ALJ also erred in failing to reconcile his determination that Plaintiff retained the ability to occasionally reach overhead with Dr. Hausmann's opinion that Plaintiff should avoid overhead work. (T. 18-19, 240.) Defendant argues that "[a] *recommendation* that Plaintiff avoid *overhead work* is not equivalent to a *prohibition* on *overhead reaching*, and nothing in [Dr. Hausmann's] report suggests otherwise." (Dkt. No. 12 at 9 [Def.'s Mem. of Law] [emphasis in original].) Semantics aside, it is the ALJ's job to properly evaluate the evidence and reconcile any apparent inconsistencies, which he failed to do here.

Accordingly, remand is necessary so that the ALJ may revisit his RFC determination after a thorough review of the entire record, including the newly submitted evidence.

12

### C. Whether the ALJ Properly Assessed Plaintiff's Credibility

After carefully considering the matter, the Court answers this question in the negative, in part for the reasons stated in Plaintiff's memorandum of law. (Dkt. No. 11 at 21-23 [Pl.'s Mem. of Law].) The Court would only add the following analysis.

A Plaintiff's allegations of pain and functional limitations are "entitled to great weight where ... supported by objective medical evidence." *Rockwood v. Astrue*, 614 F. Supp. 2d 252, 270 (N.D.N.Y. 2009) (quoting *Simmons v. U.S. R.R. Ret. Bd.*, 982 F.2d 49, 56 (2d Cir.1992). However, the ALJ "is not required to accept [a plaintiff's] subjective complaints without question; he may exercise discretion in weighing the credibility of the [plaintiff's] testimony in light of the other evidence in the record." *Montaldo v. Astrue*, 10-CV-6163, 2012 WL 893186, at *17 (S.D.N.Y. Mar. 15, 2012). "When rejecting subjective complaints, an ALJ must do so explicitly and with sufficient specificity to enable the Court to decide whether there are legitimate reasons for the ALJ's disbelief." *Rockwood*, 614 F. Supp. 2d at 270.

"The ALJ's credibility assessment must be based on a two step analysis of pertinent evidence in the record. First, the ALJ must determine whether the claimant has medically determinable impairments, which could reasonably be expected to produce the pain or other symptoms alleged." *Id.*, at 271. Second, if medically determinable impairments are shown, then the ALJ must evaluate the intensity, persistence, and limiting effects of the symptoms to determine the extent to which they limit the claimant's capacity to work. Because an individual's symptoms can sometimes suggest a greater level of severity of impairment than can be shown by the objective medical evidence alone, an ALJ will consider the following factors in assessing a claimant's credibility: (1) claimant's daily activities; (2) location, duration, frequency, and intensity of claimant's symptoms; (3) precipitating and aggravating factors; (4)

13

type, dosage, effectiveness, and side effects of any medication taken to relieve symptoms; (5) other treatment received to relieve symptoms; (6) any measures taken by the claimant to relieve symptoms; and (7) any other factors concerning claimant's functional limitations and restrictions due to symptoms. *Id*.

Here, the ALJ considered Plaintiff's testimony and determined that her "medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, [Plaintiff's] statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with [the ALJ's RFC] assessment." (T. 19.)

To be sure, "[i]t is erroneous for an ALJ to find a [plaintiff's] statements not fully credible because those statements are inconsistent with the ALJ's own RFC finding." *Ubiles v. Astrue*, No. 11–CV–6340, 2012 WL 2572772, at * 12 (W.D.N.Y. July 2, 2012).[2] Instead, the ALJ must consider "the entire case record, including the objective medical evidence, the individual's own statements about symptoms, statements and other information provided by treating or examining physicians or psychologists and other persons about the symptoms and how they affect the individual, and any other relevant evidence in the case record." *See* SSR 96-7p. Therefore, the ALJ here applied an erroneous legal standard in assessing Plaintiff's credibility. The ALJ's error is further compounded by his errors in failing to develop the record and failing to reconcile his RFC assessment with the opinion of Dr. Hausmann as well as the

---

2   *See also Nelson v. Astrue*, No. 5:09–CV–00909, 2010 WL 3522304, at *6 (N.D.N.Y. Aug. 12, 2010), *report and recommendation adopted*, 2010 WL 3522302 (N.D.N.Y. Sept. 1, 2010); *Kennedy v. Astrue*, No. 3:09–CV–0670, 2010 WL 2771904, at *5 (N.D.N.Y. June 25, 2010), *report and recommendation adopted*, 2010 WL 2771895 (N.D.N.Y. July 12, 2010); *Smollins v. Astrue*, No. 11–CV–424, 2011 WL 3857123, at *10–11 (E.D.N.Y. Sept. 1, 2011); *Mantovani v. Astrue*, No. 09–CV–3957, 2011 WL 1304148, at *5 (E.D.N.Y. Mar. 31, 2011).

Appeals Council's error in failing to remand the case to the ALJ for further consideration based on new evidence. Accordingly, remand is necessary so that the ALJ may assess Plaintiff's credibility after applying the correct legal standard, including the re-assessment of the objective medical evidence after further development of the record in accordance with this Decision and Order.

### D. Whether the ALJ's Determination at Step Five of the Sequential Analysis is Supported by Substantial Evidence

After carefully considering the matter, the Court answers this question in the negative, in part for the reasons stated in Plaintiff's memorandum of law. (Dkt. No. 11 at 24-25 [Pl.'s Mem. of Law].) The Court would only add the following analysis.

Here, at step five of the sequential analysis, the ALJ did not obtain the opinion of a vocational expert in determining whether there are jobs in the national economy that Plaintiff can perform. Instead, the ALJ decided that there are jobs in the national economy that Plaintiff can perform, relying solely on the Medical-Vocational guidelines.

At step five of the sequential analysis, the Commissioner can usually meet his burden to establish that there is work existing in significant numbers in the national economy which the plaintiff could perform, by reliance on the Medical-Vocational guidelines contained in 20 C.F.R. Part 404, Subpart P, App. 2, commonly referred to as "the Grids." *See Baldwin v. Astrue*, No. 07-CV-6958, 2009 WL 4931363, at *20 (S.D.N.Y. Dec. 21, 2009). However, when a plaintiff suffers from significant non-exertional limitations that significantly limit her employment opportunities, exclusive reliance on the Grids is inappropriate. *See Baldwin*, 2009 WL 4931363, at *27 (citing *Bapp v. Bowen*, 802 F.2d 601, 605 (2d Cir.1986)). "A plaintiff's range of potential employment is significantly limited when he suffers from the 'additional loss of work capacity

15

beyond a negligible one or, in other words, one that so narrows a [plaintiff's] possible range of work as to deprive him of a meaningful employment opportunity.'" *Id.* (quoting *Bapp*, 802 F.2d at 606). However, "the mere existence of a non-exertional impairment does not automatically preclude reliance on the guidelines." *Zabala v. Astrue*, 595 F.3d 402, 410–411 (2d Cir.2010) (citing *Bapp*, 802 F.2d at 603).

Because remand in necessary so that the ALJ may, among other things, revisit the weight assigned to the opinions of Plaintiff's treating sources after further development of the record and reconcile his RFC assessment with the record medical evidence, remand is also necessary so that the ALJ may revisit his decision at step five of the sequential analysis after having reevaluated his RFC analysis in accordance with this Decision and Order. Should the ALJ determine that Plaintiff has "significant non-exertional limitations that significantly limit her employment opportunities," consultation with a vocational expert may be appropriate. *See Baldwin*, 2009 WL 4931363, at *27.

**ACCORDINGLY**, it is

**ORDERED** that Plaintiff's motion for judgment on the pleadings (Dkt. No. 11) is **GRANTED**; and it is further

**ORDERED** that Defendant's motion for judgment on the pleadings (Dkt. No. 12) is **DENIED**; and it is further

**ORDERED** that this matter is **REMANDED** to Defendant, pursuant to 42 U.S.C. § 405(g), for further proceedings consistent with this Decision and Order.

Dated: March 31, 2014
      Syracuse, New York

Hon. Glenn T. Suddaby
U.S. District Judge